IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON SHERROD, #S04088,              ) | |
|                                                            ) | |
|          **Plaintiff,**                              ) | |
|                                                            ) | |
| vs.                                                    ) | Case No. 20-cv-01321-JPG |
|                                                            ) | |
| JOHN LAKIN,                                   ) | |
| STEVE RIDINGS,                             ) | |
| and KRISTOPHER THARP,            ) | |
|                                                            ) | |
|          **Defendants.**                         ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Aaron Sherrod, a former inmate at Madison County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff asserts claims for unconstitutional conditions of confinement at Madison County Jail. (*Id*. at 6). He seeks money damages. (*Id*. at 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff complains about unconstitutional conditions of confinement that he endured at Madison County Jail ("Jail") from May 22, 2020 to August 30, 2020. (Doc. 1, p. 6). He was required to sleep on the floor. He had no access to audible emergency alarms in his cell

1

or cell block. Laundry was offered once weekly instead of twice. Plaintiff and other inmates were denied their right to vote on November 3, 2020, when no one responded to their request for voting slips. Sheriff Lakin, Captain Ridings, and Captain Tharp were allegedly "responsible" for these deprivations. (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail by forcing him to sleep on the floor in a cell and cellblock that lacked alarms and also lacked twice-weekly laundry services.
>
> **Count 2**: Defendants violated Plaintiff's right to vote in the election on November 3, 2020.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The Complaint does not survive Section 1915A review. Plaintiff names three high-ranking officials in their individual capacities as being "responsible" for the deprivations of his constitutional rights. He does not explain how any particular defendant caused the deprivation. He also does not allege that any defendant knew of the conditions giving rise to his claims. In fact, Plaintiff does not allege that any defendants played a role in the decision to have him sleep on the floor, offer laundry services once weekly, or deny inmates access to emergency alarms.

Plaintiff's allegations regarding "voting slips" are equally vague. It is unclear whether the defendants even knew that he requested a voting slip. Plaintiff does not allege that he asked any of them for an absentee ballot or access to the polls, and there is no allegation that a defendant

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

actually denied his request. He asserts that they were "responsible" for denying his right to vote.

Plaintiff appears to name the defendants based on their supervisory roles at the Jail. However, a high-ranking official named in his individual capacity "cannot be held liable in a [S]ection 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Mere supervisory status will not give rise to Section 1983 liability without direct involvement in the constitutional deprivation. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 384 (7th Cir. 1988). Courts reject Section 1983 claims that are based on a *respondeat superior* theory of liability. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Polk v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff's theory of liability hinges on *respondeat superior*.

To proceed with his claims against the defendants, Plaintiff must set forth allegations suggesting that each individual defendant directly participated in a deprivation of his constitutionally or federally protected rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). He must briefly explain how each defendant was involved. *Id*. A "causal connection" or an "affirmative link" between the misconduct and the official sued is necessary. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Plaintiff has not demonstrated any causal connection or link.

The Complaint shall be dismissed without prejudice. If Plaintiff wishes to pursue his claims, he shall have an opportunity to file an amended complaint. He is warned that failure to comply with the instructions and deadline for doing so shall result in dismissal of this suit for failure to comply with a court order. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) (including **COUNTS 1** and **2**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **ALL DEFENDANTS** are **DISMISSED** without prejudice because the Complaint fails to state any claim for relief against them.

**IT IS ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED**. Plaintiff disclosed no efforts to find counsel on his own before seeking the Court's help or convince the court that he was unable to make any effort to do so using written, electronic, or telephonic communications. Plaintiff has demonstrated no need for counsel at this time. His pleadings, motions, and litigation of this matter to date demonstrate his ability to represent himself for now. Accordingly, the motion is denied without prejudice.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 25, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-01321-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along

with it.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 4/26/2021                                           s/J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **United States District Judge**