IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON SHERROD, #S04088, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN LAKIN, )<br>STEVE RIDINGS, and )<br>KRISTOPHER THARP, )<br>)<br>Defendants. ) | Case No. 20-cv-01321-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Aaron Sherrod, a former inmate at Madison County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 11). In the First Amended Complaint, Plaintiff asserts claims for unconstitutional conditions of confinement at Madison County Jail. (*Id*. at 6). He seeks monetary relief from Sheriff John Lakin, Captain Steve Ridings, and Captain Kristopher Tharp. (*Id*. at 7).

The First Amended Complaint is now before the Court for screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff sets forth the following allegations in the Amended Complaint (Doc. 11, p. 7): While detained at Madison County Jail between May 2020 and November 2020, Plaintiff was

1

subjected to the following conditions: (a) two months when he was required to sleep on the floor; (b) denial of access to a panic button during the same time period; (c) denial of showers more than once each week; and (d) denial of the right to vote in November 2020. (*Id*. at 1-6).

Plaintiff complained to Jail officials about some of these conditions. (*Id.*). When he complained about sleeping on the floor to "on duty staff," they told him the Jail was full. (*Id*. at 4). He then spoke with a lieutenant, who told him that the Jail was full and offered no boats to inmates. The "captains" were aware of the inadequate bed space and the lack of access to panic buttons. Plaintiff also wrote a letter to them about his lack of access to voting, but he received no response. He made no complaints to anyone about the denial of adequate showers and lack of access to panic buttons. Although he acknowledges that the Jail had a grievance procedure, Plaintiff did not make use of it because he did not think it was necessary. (*Id*.).

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail by forcing him to sleep on the floor, denying him access to a panic button, and denying him access to showers more than once weekly.

**Count 2**: Defendants violated Plaintiff's right to vote in November 2020.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The First Amended Complaint and this case shall be dismissed for two primary reasons: (1) the First Amended Complaint does not cure the deficiencies noted in the original Complaint;

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

and (2) Plaintiff admittedly failed to use the Jail's grievance process to address these conditions before filing suit in violation of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The First Amended Complaint suffers from the same problems as the original Complaint. Plaintiff fails to mention any of the defendants in the body of his amended complaint. He names three high-ranking officers as defendants in the case caption, but he refers to none of them in the statement of his claim or elsewhere. As this Court previously explained in the Order Dismissing Complaint (Doc. 10), a high-ranking official named in his individual capacity "cannot be held liable in a [S]ection 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior* liability is inapplicable in this context. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Polk v. Dodson*, 454 U.S. 312, 325 (1981). Section 1983 liability requires involvement in the constitutional deprivation. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 384 (7th Cir. 1988). Plaintiff must set forth allegations suggesting that each individual defendant directly participated in a deprivation of his constitutionally or federally protected rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A "causal connection" or an "affirmative link" between the misconduct and the official sued is necessary. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Plaintiff has, once again, described no causal connection between a defendant and a violation of his rights. He does not allege that any defendant played a role in the decision to place him on the floor without a bed or to deny him a boat for sleeping, access to a panic button, adequate showers, or access to voting. He merely lists the names of supervisory officials in the case caption and sets forth a list of objectionable conditions in the statement of claim. This is not enough to articulate a claim against anyone. Counts 1 and 2 shall again be dismissed without prejudice.

In addition, Plaintiff admittedly chose not to use the Jail's grievance process or make an effort to exhaust his administrative remedies before filing suit, as required by the PLRA.[2] Under the PLRA, he was obligated to exhaust all available administrative remedies before bringing a civil action against Jail officials for unconstitutional conditions of confinement.  42 U.S.C. § 1997e(a).  The PLRA makes exhaustion a precondition to suit.  *Id*.  Although the failure to exhaust administrative remedies is an affirmative defense typically raised by the defendants, a plaintiff can plead himself out of court by setting forth factual allegations in the complaint that show he is not entitled to relief as a matter of law.  *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015); *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006).  When it is clear from the face of the complaint that a plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted.  *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) ("the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").  Should Plaintiff include such a claim, it is subject to dismissal.

Such is the case here.  In the First Amended Complaint, Plaintiff explicitly acknowledges that the Jail had a grievance process.  However, he explicitly states that he never used it because he did not consider it necessary.  Having failed to initiate the grievance process, Plaintiff obviously failed to fulfill his related obligation under the PLRA to exhaust all available administrative remedies before bringing this action.  The First Amendment Complaint is subject to dismissal without prejudice for failure to state a claim on this ground as well.  And, having found twice that Plaintiff's complaints state no claim for relief, the Court shall not only dismiss the First Amendment Complaint, but it shall also dismiss the entire action.

---

[2] He discloses no complaints to anyone about the lack of access to adequate showers or a panic button.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) and this action are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. The dismissal of this action for failure to state a claim upon which relief may be granted results in the assessment of a "strike" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 10/14/2021**                                s/J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **United States District Judge**